UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN DONAVON MOORE,

                    Petitioner,

  v.

JEFFREY UTTECHT,

                    Respondent.

No. C13-5850 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  October 18, 2013**

Petitioner Kevin Donavon Moore has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. ECF No. 1. Because Petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the Court deny his application.

**DISCUSSION**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that ... the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir.1999).

REPORT AND RECOMMENDATION - 1

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984) (*citing Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed in forma pauperis. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990); *Weller*, 314 F.2d at 600-601.

By filing a request to proceed in forma pauperis, Petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for habeas corpus.   Petitioner's application reflects that as of September 18, 2013, he had average monthly receipts of $51.72 and an average spendable balance of $14.43.  ECF No. 1, p. 4.  Petitioner also states that he receives $50.00 per month from his employment at the Coyote Ridge Corrections Center (CRCC).  The undersigned recognizes that the funds to which Petitioner has access may not be great.  However, given the fact that a prisoner's basic needs are provided for while he is incarcerated and the minimal filing fee required to proceed with this action is $5.00, it is not unreasonable to expect Petitioner to pay that fee from those funds.

## CONCLUSION

Because Petitioner appears to have sufficient funds to pay the filing fee, the undersigned recommends that the Court deny his application to proceed in forma pauperis (ECF No. 1).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Petitioner shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474

REPORT AND RECOMMENDATION - 2

U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **October 18, 2013**, as noted in the caption.

     **DATED** this 3rd day of October, 2013.

                                              */s/ Karen L. Strombom*
                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 3