1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
9   WESTERN DISTRICT OF WASHINGTON
    AT TACOMA
10

11  KEVIN DONOVAN MOORE,                    CASE NO. C13-5850 RJB

12                  Plaintiff,              ORDER ADOPTING REPORT AND
                                            RECOMMENDATION DISMISSING
13          v.                              PETITION FOR HABEAS CORPUS

14  JEFFERY UTTECHT,

15                  Respondent.

16      This matter comes before the Court on the Report and Recommendation of U.S.

17  Magistrate Judge Karen L. Strombom. Dkt. 23. The Court has reviewed the Report and

18  Recommendation, Objections to the Report and Recommendation, and the remaining file.

19      In this petition for habeas corpus brought pursuant to 28 U.S.C. § 2254, Petitioner Kevin

20  Donovan Moore seeks relief from his conviction for first degree robbery and his 102 month

21  sentence. Dkt. 5. The Report and Recommendation agrees with the Respondent that the petition

22  is time-barred and Petitioner is not entitled to equitable tolling of the statute of limitations.

23
24

The facts and procedural history are in the Report and Recommendation (Dkt. 23 pp. 2-9) and are adopted here.  The Court concurs with the Magistrate Judge's thorough and careful analysis of Petitioner's claims.

**Evidentiary Hearing**

It unnecessary to hold an evidentiary hearing because the existing record shows that Petitioner's habeas petition is not timely under 28 U.S.C. § 2244(d).  Additionally, an evidentiary hearing is unnecessary because Petitioner fails to show that he acted diligently for the purpose of obtaining equitable tolling. With regard to the actual innocence claim, Petitioner has failed to meet his burden of showing that he has admissible evidence so strong that it is more likely than not that no reasonable juror would have convicted him in the light of his new evidence.

Petitioner did not file his habeas petition within the one year statute of limitations under 28 U.S.C. § 2244(d) and the Court need not determine whether he properly exhausted his habeas claims. 28 U.S.C. § 2254(b)(2).

**Statute of Limitations and Equitable Tolling**

The Report and Recommendation finds that the Petitioner's petition is time-barred and that he is not entitled to equitable tolling because Petitioner was not diligent in pursuing his claims.  As detailed in the Report and Recommendation, Petitioner fails to provide any facts showing what actions he took to pursue his case or that any extraordinary circumstances existed that prevented him from filing a petition. Dkt. 23 pp. 7-8.  Further, Petitioner's claim of new evidence showing actual innocence does not call into doubt the validity of the jury verdict or show that Petitioner is innocent. Dkt. 23 p. 9.

**Certificate of Appealability**

Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to a certificate of appealability.  A certificate of appealability may issue only if a petitioner has made

ORDER ADOPTING REPORT AND
RECOMMENDATION DISMISSING PETITION
FOR HABEAS CORPUS- 2

1  "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A
2  petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the
3  district court's resolution of his constitutional claims or that jurists could conclude the issues
4  presented are adequate to deserve encouragement to precede further."  *Miller-El v. Cockrell*, 537
5  U.S. 322, 327 (2003).  A review of the record demonstrates that Petitioner is not entitled to a
6  certificate of appealability.

## CONCLUSION

Accordingly it is **ORDERED** that,

- The Report and Recommendation (Dkt. 23) is **ADOPTED**;
- The Petition is **DENIED** and the case is **DISMISSED**; and
- The Certificate of Appealability is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address, and the Hon. Karen L. Strombom.

Dated this 24th day of February, 2014.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge